UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIET TIMOTHY FORD,

    Plaintiff,

v.

KEVIN R. CULHANE, et al.,

    Defendants.

No. 2:17-cv-0711-EFB P

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request for Leave to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Here, plaintiff alleges that he is a "private American" and member of "the good People of these Colonies," and therefore "not subject to the jurisdiction of the 'United States.'" ECF No. 5[1] at 1. His complaint attacks a criminal judgment imposed by the Sacramento County Superior Court, Case No. 97F05621, where plaintiff was sentenced to a term of incarceration.[2] *Id.* at 9. According to plaintiff, "the judgment [is] void" because the government has "nothing to do with the *de jure* republic of the people, and as such have no lawful authority over private American Nationals . . . ." *Id.* at 7-8. Plaintiff claims that Case No. 97F05621 "constitutes a trust," but "at the time of conviction" he was ignorant with respect to "his title as Surety." *Id.* at 8. He claims he "was deliberately led to believe he was the defendant . . . , while in reality . . . . [t]he court needed Complainant's body in the courtroom for his signature as the Surety, in order to raid the decedent's legal estate, which they did, as executors de son tort." *Id.* at 9. As part of his requested relief, plaintiff demands "that the judgment in Case No. 97F05621 be vacated with prejudice, which would require the immediate release of the Complainant from prison . . . ." *Id* at 13.

Plaintiff's complaint lacks any arguable legal or factual basis and must be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (allegations are frivolous when they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional").

Regardless, the instant challenge to plaintiff's judgment of conviction is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the

---

[1] Plaintiff has filed two complaints in this action. ECF Nos 1, & 5. In screening this action, the court looks exclusively to the most recently filed amended complaint (ECF No. 5). *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that an amended pleading supersedes the original).

[2] *See* California Case Information at http://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=0&doc_id=1819061&doc_no=S087365, visited May 15, 2017.

2

underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Muhammad v. Close*, 540 U.S. 749, 751 (2004). As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

For these reasons, plaintiff's complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**III.    Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that the complaint be dismissed without prejudice to plaintiff's proper pursuit of habeas corpus relief in a new action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 4, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE